COWART, Judge.
Perry, as owner, agreed to pay E.M. Hutton, as broker, ten percent of certain purchase money payments due Perry from Florida Peach, a purchaser Hutton had procured for Perry. Before the transaction between Hutton and Perry was closed, however, Perry transferred the property, subject to the contract in favor of Florida Peach, to York in exchange for land of equal value. York closed with Florida Peach, giving Florida Peach a deed and taking back a purchase money mortgage. Florida Peach made a down payment of $77,675 on which Hutton received the agreed ten percent commission of $7,767.50; later Florida Peach made payments of $1,250 and $16,990, ten percent of which Hutton also received as a commission. Florida Peach failed to make any further payments on its purchase money mortgage. York commenced foreclosure, Florida Peach went into bankruptcy, and after some delay the property was apparently sold at a foreclosure sale to a third party.
In the meantime, Hutton sued Perry claiming that Hutton was entitled to the full commission on the theory that the consideration (land) Perry received from the land swap to York constituted receipt of all sums Perry was entitled to receive from Florida Peach and, therefore, Hutton was entitled to his commission on the full original sale price between Perry and Florida Peach. Both parties moved for summary *878 judgment and the trial court dismissed Hutton’s complaint on the basis that Perry’s obligation to pay Hutton a commission on the sale to Florida Peach became the obligation of York when York acquired the property from Perry, that Perry was no longer obligated to pay Hutton a commission, and that the exchange of properties between Perry and York did not constitute payment to Perry for the sums due Perry from Florida Peach on which Perry, if payment had been received, would have owed Hutton a ten percent commission.
The trial judge has reached the right conclusion for the wrong reason. Perry contracted with Hutton to pay Hutton a commission. Perry’s transfer of the subject matter property to York did not terminate Perry’s contractual obligation to Hutton. There was no agreement between Perry and York as to payment of the commission. York was not liable to Hutton, although York did indicate that had he received payments from Florida Peach he would have paid Hutton a commission from such payments. York also stated that it was because no further payments were received from Florida Peach that he, York, made no further commission payments to Hutton. There could have been, but was not, a novation agreement between Hutton and York whereby, in consideration of Hutton's releasing Perry from Perry’s obligation to pay Hutton a commission, York assumed Perry’s obligation to pay Hutton, and in consideration of York’s assumption of Perry’s obligation to pay Hutton’s commission, Hutton released Perry from the commission obligation and agreed to look solely to York. We emphasize that no such novation agreement was made in this case. Therefore, Perry’s obligation to pay Hutton a commission was not terminated by Perry’s conveyance to York. Of course, if York had received payments from Florida Peach and had paid Hutton a commission on them according to the original agreement between Hutton and Perry, that payment would have discharged Perry’s obligation to Hutton, yet this did not occur. The trial court correctly found that York’s transfer of land to Perry in exchange for the transfer from Perry to York of land subject to the exercised option contract in favor of Florida Peach did not constitute full payment to Perry of, the serial purchase money payments that Florida Peach was to make, ten percent of which was due Hutton as commission.
The trial court reached the right conclusion in this case in dismissing Hutton’s complaint against Perry because the complaint did not allege that either Perry or York had received payments from Florida Peach concerning which Hutton had not received his commission. This was a condition precedent to the statement of a cause of action in favor of Hutton against Perry and was an essential allegation missing from Hutton’s complaint. In place of such an allegation, Hutton merely alleged that by the land swap with York, Perry had been paid in full for the sale of the land which was the subject matter of the commission agreement between Hutton and Perry. This allegation is insufficient because Hutton was suing on his commission agreement with Perry and the purpose of the commission agreement was to cause Hutton to get paid for his services in procuring a purchaser (Florida Peach) who •performed. The commission agreement did not provide that Perry would pay Hutton if Perry swapped the land in question to York or anyone else, but only that Perry would pay Hutton a ten percent commission “as and when” (meaning, if as, and when) the purchaser Hutton procured (Florida Peach) made purchase money payments on the land in question according to its agreement to do so. Florida Peach did not pay either Perry or York and, accordingly, Hutton was not entitled to receive commissions other than those he had received.
The summary final judgment dismissing Hutton’s complaint is
AFFIRMED.
COBB and SHARP, JJ., concur.